UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DICKERSON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>　　　　　Respondents. | No. 1:19-cv-00633-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PREMATURE PETITION**<br><br>**[THIRTY DAY OBJECTION DEADLINE]** |

Petitioner Brian Dickerson is a state detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has conducted a preliminary review of the petition and finds it to be prematurely filed. Therefore, the Court will recommend the petition be DISMISSED WITHOUT PREJUDICE.

**DISCUSSION**

A.　　Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th

1

Cir.2001).

B. Procedural Background

Petitioner is currently housed at Kern County Jail in Bakersfield, California. He states he was taken into custody on February 15, 2019, and he is awaiting trial which was set for May 6, 2019. (Doc. 1 at 2.)

On May 13, 2019, Petitioner filed the instant petition for writ of habeas corpus. He claims he has been subjected to an unreasonable search and seizure in violation of the Fourth Amendment. (Doc. 1 at 3.)

C. Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. In order to be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971)

In the instant case, state proceedings are ongoing. Petitioner is awaiting trial on state charges. California has an important interest in passing upon and correcting violations of a defendant's rights. Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003). The state courts are adequate forums for Petitioner to seek relief for his claims and he has not availed himself of those avenues for relief. Roberts, 296 F.Supp.2d at 1185. Therefore, the Court recommends abstaining from interfering in state proceedings pursuant to Younger. The petition should be dismissed without prejudice.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition be DISMISSED WITHOUT PREJUDICE as premature.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 14, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE